# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **MICHAEL RAMOS,**<br><br>　　　　Plaintiff,<br><br>v.<br><br>**VERA MEDINA,**<br><br>　　　　Defendant. | **REPORT AND RECOMMENDATION**<br><br>Case No. 2:12-cv-808-CW-PMW<br><br>**District Judge Clark Waddoups**<br><br>**Magistrate Judge Paul M. Warner** |

　　　　District Judge Clark Waddoups referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1]  As an initial matter, the court recognizes that Michael Ramos ("Plaintiff") is proceeding pro se in this case.  Consequently, the court will construe his pleadings liberally.  *See, e.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003). The court also recognizes that Plaintiff has been permitted to proceed in forma pauperis in this case under 28 U.S.C. § 1915 ("IFP statute").[2]

　　　　On October 24, 2012, this court issued a memorandum decision and order denying Plaintiff's motion for appointment of counsel and motion for service of process.[3]  In addition, the court addressed the sufficiency of Plaintiff's complaint under the authority of the IFP statute.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii) (providing that when a case is proceeding under the IFP statute,

---

[1] *See* docket no. 6.

[2] *See* docket nos. 1, 2.

[3] *See* docket no. 8.

"the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted"). After liberally construing Plaintiff's complaint and considering the proper legal standards, the court determined that Plaintiff had failed to provide sufficient, well-pleaded factual allegations to support his alleged claims for relief. In reaching that determination, the court made the following observations. The preprinted civil rights complaint Plaintiff has filed fails to identify any basis for this court's jurisdiction and contains very few factual allegations. Plaintiff's main allegation appears to be that he was somehow wrongfully deprived of custody of his daughters. However, Plaintiff fails to explain how the defendant named in his complaint is connected to that allegation. Further, although Plaintiff has submitted an exhibit to his complaint, Plaintiff has not attempted to explain the exhibit's relevance or connection to his alleged claim. Instead, Plaintiff simply asks the court to review the documents contained in the exhibit. This court reviewed those documents, and although it is not entirely clear, they appear to be documents related to Plaintiff's state court custody proceedings.

     For those reasons, the court concluded that Plaintiff's complaint failed to state claims on which relief can be granted. *See id*. At the same time, however, the court recognized that "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (quotations and citation omitted). Accordingly, the court provided Plaintiff with an opportunity to amend his complaint. The court ordered Plaintiff to file an amended complaint on or before November 26,

2012.  Plaintiff was warned that failure to do so would result in a recommendation to Judge Waddoups that this case be dismissed.

Plaintiff has failed to file an amended complaint on or before November 26, 2012.  For that reason, and for the reasons set forth in this court's October 24, 2012 memorandum decision and order, **IT IS HEREBY RECOMMENDED** that this case be **DISMISSED**.

\* \* \* \* \*

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The parties must file any objection to this Report and Recommendation within fourteen (14) days after receiving it.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Failure to object may constitute waiver of objections upon subsequent review.

DATED this 3rd day of December, 2012.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge